UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK DAVID MORAN, | ) | CASE NO.: 1:25-cv-00516 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| PENNYMAC LOAN SERVICES, LLC, | ) | **MEMORANDUM OPINION AND** |
| *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are Motions to Dismiss filed by Defendants Judge Richard Bell, Magistrate John Dyke, and Reisenfeld and Associates LLC. (Docs. 6, 10.) Responses in opposition were filed. (Docs. 13, 14.) Judge Bell and Magistrate Dyke filed a reply in support of their motion. (Doc. 15.) Also before the Court is PennyMac Loan Services LLC's ("Pennymac") Motion to Remand to State Court or Motion for Abstention or, in the Alternative, Motion to Dismiss. (Doc. 8.) Plaintiff Mark David Moran ("Moran" or "Plaintiff") responded in opposition. (Doc. 11.)

For the reasons stated herein, the Motions to Dismiss filed by Judge Richard Bell, Magistrate John Dyke, and Reisenfeld and Associates LLC are GRANTED, and Pennymac's Motion is GRANTED in part and DENIED in part.

**I.      BACKGROUND**

      **A.      PennyMac Loan Services LLC's first foreclosure action against Moran**

On March 1, 2024, Pennymac filed a foreclosure action against Moran and his wife in the Cuyahoga County Court of Common Pleas. *See PennyMac Loan Services, LLC v. Mark D.*

*Moran, et al.*, Cuyahoga C.P. No. CV-24-993696.[1]  Pennymac requested: (1) "Judgment against Mark D Moran, upon the Note in the total sum of $199,384.72" including interest, charges, and fees; (2) a finding that Pennymac's mortgage "is a valid first lien upon the Real Property"; and (3) an order that "real property [is] to be sold free and clear of all liens."  *Id.* at 3/1/2024, pp. 4-5.  In support, Pennymac attached a promissory note signed by Moran (*id.* at pp. 6-9); Moran's mortgage, which included a property description (*id.* at pp. 13-24); and a document assigning the mortgage to Pennymac (*id.* at p. 25).  On April 4, 2024, Pennymac moved to voluntarily dismiss the case.  *Id.* at 4/4/2024.  On April 5, 2024, the trial court dismissed the case without prejudice.  *Id.* at 4/5/2024.

### B.     Moran's First Suit against Pennymac in Federal Court (*Moran I*)

On June 10, 2024, Moran filed a *pro se* civil action against Pennymac in the Northern District of Ohio.  *See Moran v. Pennymac, LLC*, No. 1:24 CV 985, 2024 WL 4839394, 2024 U.S. Dist. LEXIS 210532 (N.D. Ohio Nov. 20, 2024).[2]  In *Moran I*, Moran alleged: (1) Pennymac was not the current owner of his mortgage; (2) the mortgage contract contained "unlawful Usury"; (3) "Defendant's contract is with a fictitious entity that has the same name as plaintiff"; and (4) "Federal Reserve Notes are not lawful money."  (Doc. 1 at ¶¶ 1-10.)  Moran asserted multiple civil and criminal violations, including extortion (18 U.S.C. §§ 892, 894), violations of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692), and a

---

[1] All citations to *PennyMac Loan Services, LLC v. Mark D. Moran, et al.*, Cuyahoga C.P. No. CV-24-993696 reflect citations to public records that are accessible to the Court and reflect judicial action.  *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (finding that a court can take judicial notice of public records "which are not subject to reasonable dispute").

[2] Unless otherwise stated, record citations are to the electronically stamped CM/ECF document and PageID# assigned in this matter.

violation of federal law with respect to Pennymac's disclosure of his personal information (15 U.S.C. § 6802).

Pennymac filed a Motion to Dismiss, arguing Moran failed to state a claim for which relief could be granted, and that there was no case or controversy to be redressed by the court because Moran's suit revolved around a self-made coupon that Moran, as a sovereign citizen, delivered to Pennymac to pay the remaining balance of his mortgage. (Doc. 11 at 64, 67-72.) On November 20, 2024, Pennymac's Motion was granted, and Moran's case was dismissed. (Doc. 14.) The court expressly took judicial notice that "documents Plaintiff attaches to his complaint," as well as court documents from Moran's first foreclosure proceeding, indicated "that Pennymac is the current holder of [Moran's] note and mortgage." *Moran*, 2024 WL 4839394, at *2.

    C.    **Pennymac's Second Foreclosure Action**

On October 4, 2024, Pennymac filed a second foreclosure action. *See PennyMac Loan Services, LLC v. Mark D. Moran, et al.*, Cuyahoga C.P. No. CV-24-104921.[3] Pennymac requested: (1) a judgment against Moran for the amount owed on his mortgage with interest; (2) a declaration that Moran's mortgage is a valid first lien upon the property in question; and (3) an order that the real property in question be sold free and clear of all liens and that Pennymac be paid out of the proceeds of the sale. *Id.* at 10/4/2024. The case was assigned to Judge Richard Bell and Magistrate John Dyke (hereinafter "Judge Bell" and "Magistrate Dyke"). *Id.* Reisenfeld and Associates LLC ("Reisenfeld & Assocs.") represented Pennymac. Attached to

---

[3] All citations to *PennyMac Loan Services, LLC v. Mark D. Moran, et al.*, Cuyahoga C.P. No. CV-24-104921 reflect citations to public records that are accessible to the Court and reflect judicial action.

the complaint were the promissory note (*id.* at pp. 6-9), mortgage (*id.* at pp. 13-24), and assignment of the mortgage to Pennymac (*id.* at p. 25) that were used in the previous foreclosure proceeding, among other documents.

On December 4, 2024, and again on December 12, 2024, Moran filed separate motions to dismiss arguing Pennymac violated the Truth in Lending Act ("TILA"), FDCPA, and other federal and Ohio statutes. *Id*. at 12/4/2024; 12/17/2024. Both of these motions were stricken by the trial court for failure to comply with the Ohio Rules of Civil Procedure. *See id.* at 12/10/2024; 1/7/2025. On February 24, 2024, Pennymac submitted motions for default judgment and summary judgment. *Id.* at 2/24/2025. In his opposition to summary judgment, Moran again raised FDCPA violations and asserted Pennymac violated the Fair Credit Reporting Act ("FCRA"). *Id.* at 3/17/2025.

On March 24, 2025, Moran moved to transfer venue to the Northern District of Ohio. *Id.* On March 25, 2025, the trial court denied Pennymac's Motion for Summary Judgment because it did not comply with the Ohio Rules of Civil Procedure. *Id.* at 3/25/2025. In its order, the trial court also noted "[n]either Defendant has filed a proper answer with the court." *Id.* Moran has yet to answer Pennymac's Complaint. A hearing on Pennymac's Motion for Default Judgment has yet to be scheduled. This case is pending.

## D. Procedural History

On March 17, 2025, Moran filed the instant case *pro se*. (Doc. 1 at 2.) Moran asserts diversity and federal question jurisdiction. He alleges multiple civil and criminal violations against Pennymac, including bank and securities fraud (18 U.S.C. §§ 1001, 1344, 1348) (*id.* at 12), violations of the FCRA (15 U.S.C. § 1681g-i) (*id.* at 25), and many of the same FDCPA violations (15 U.S.C. §§ 1692d-g, j) raised in *Moran I* and raised in the state court proceedings

(*id.* at 25-26). Moran alleges violations of the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the U.S. Constitution and violations of the Ohio Constitution against Judge Bell, Magistrate Dyke, and Reisenfeld & Assocs. (*Id.* at 18, 20-21.) Moran also seeks declaratory and injunctive relief. (*Id.* at 30.)

All Defendants timely moved for relief. (Docs. 6, 8, 10.) Moran responded to each motion and filed additional motions, with one such motion seeking a stay of this matter so Moran could file a motion for leave to amend the Complaint. (*See* Doc. 18.) No such motion for leave has been filed. Instead, Moran moved for declaratory relief. (Doc. 21.)

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). All factual allegations are presumed true and all reasonable inferences are drawn in the non-movant's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The complaint must set forth allegations sufficient to "raise a right to relief [against the defendant] above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, the complaint must contain allegations sufficient to give the defendant fair notice of the claims asserted and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to state a claim. *Twombly*, 550 U.S. at 555.

*Pro se* pleadings and filings are liberally construed. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Thus, the pleadings and filings of a *pro se* litigant are generally held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* plaintiff must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on his behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

        **1.**        **Judge Bell's and Magistrate Dyke's Motion to Dismiss**

"Judicial immunity is a long-recognized common-law doctrine shielding judges from collateral attacks challenging a judge's actions taken in [their] official judicial capacity." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023). Magistrates are entitled to the same immunity. *Newsome v. Merz,* 17 F. App'x 343, 345 (6th Cir. 2001). Judicial immunity is referred to as "absolute immunity." *See Cooperrider v. Woods*, 127 F.4th 1019, 1030 (6th Cir. 2025). Judicial immunity can be overcome in only two, limited circumstances: (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). "[T]he official seeking absolute immunity bears the burden of showing that it is

justified by the function in question." *Burns v. Reed*, 500 U.S. 478, 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

Judge Bell and Magistrate Dyke assert judicial immunity. (Doc. 6 at 138.) The allegations pertaining to Judge Bell or Magistrate Dyke are simply these: (1) they "conspire[d] to deprive him of rights under color of law and with unclean hands in bad faith, entice[d] him into slavery, which did deny him due process of law, " (2) denied Moran "a trial by jury" because the "court was operating under a secret jurisdiction known only to lawyers or the like," (3) they were "posing as judges," and (4) the judges "act[ed] administratively" and not judicially. (Doc. 1 at 17-20.) At best, these allegations are legal conclusions, not factual allegations sufficient to assert a plausible cause of action. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

Moran also failed to meet his burden of demonstrating the judges' conduct falls into one of the two, limited circumstances to overcome their assertion of judicial immunity. Alleging, without more, that they were "posing as judges" or "acting administratively" is insufficient. (Doc. 1 at 20.) Alleging a "secret jurisdiction" when citing to judicial actions reflected on a public docket is similarly insufficient. (*Id.* at 18.) Moran needed to direct the Court to specific allegations from which it could infer either jurist was acting beyond the scope of their authority or outside of their jurisdiction. No such allegations were presented.

For these reasons, Judge Bell and Magistrate Dyke are entitled to judicial immunity. Their Motion to Dismiss (Doc. 6) is GRANTED on immunity grounds and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. All claims asserted against Judge Bell and Magistrate Dyke are DISMISSED with prejudice.

### 2. Reisenfeld & Assocs.'s Motion to Dismiss

"Under Ohio law, attorneys enjoy immunity from liability to third persons arising from acts performed in good faith on behalf of, and with the knowledge of, their clients." *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 700 (6th Cir. 1996) (citing *Scholler v. Scholler*, 462 N.E.2d 158, 163 (Ohio 1984)). Put differently, "an attorney is immune from liability to third-parties arising from his/her performance as an attorney in good faith on behalf of his/her client unless the third-party is in privity with the client or the attorney acts with malice." *Dykes v. Gayton*, 744 N.E.2d 199, 200 (Ohio Ct. App. 2000). "Unless a third party can establish that it is in privity with the client, or that the attorney acted with malice, the attorney is not liable to the third party." *Darrow v. Zigan*, 2009-Ohio-2205, ¶ 15 (Ohio Ct. App. 2009) (citing *LeRoy v. Allen, Yurasek & Merklin*, 872 N.E.2d 254, 258 (Ohio Ct. App. 2007)).

Moran alleges Reisenfeld & Assocs. colluded with Judge Bell and Magistrate Dyke to deprive him of rights in state foreclosure proceedings. (Doc. 1 at 17, 19.) The Complaint contains no factual allegations of such collusion, nor does it contain factual allegations from which the Court can infer bad faith. Moran alleges Reisenfeld & Assocs. attorneys acted maliciously or outside of their capacity as advocates for Pennymac, but these statements are nothing more than legal conclusions. Without factual allegations in support, they are insufficient to state a claim. *See Followell*, 317 F. App'x at 505.

Additionally, Reisenfeld & Assocs. asserts immunity. (Doc. 10 at 204.) In opposition, Moran lists the Reisenfeld & Assocs. attorneys involved in his foreclosure action and argues Reisenfeld & Assocs. "is being sued for its participation in the Foreclosure as counsel of record for PennyMac." (Doc. 13 at 254.) With this, Moran admits suing Reisenfeld & Assocs. solely because it represented Pennymac.

Reisenfeld and Assocs.'s Motion to Dismiss is GRANTED because Moran failed to plead a plausible cause of action and because it is entitled to immunity. All claims asserted against Reisenfeld & Assocs. are DISMISSED with prejudice.

### B. Pennymac's Motion to Remand to State Court or Motion for Abstention or, in the Alternative, Motion to Dismiss

#### 1. Request for Remand

Pennymac moves for remand pursuant to 28 U.S.C. § 1447. Section 1447 applies only to matters removed to federal court. This matter was not removed to federal court; it is a separately initiated action predicated on Moran's Complaint. (Doc. 1.) Pennymac's request to remand this matter pursuant to 28 U.S.C. § 1447 is DENIED.

#### 2. *Colorado River* Abstention[4]

Pennymac seeks abstention pursuant to *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Colorado River* abstention is predicated on "considerations of judicial economy and federal-state comity." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). While federal courts possess a "virtually unflagging obligation . . . to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Id.* (quoting *Colorado River*, 424 U.S. at 817). Nevertheless, *Colorado River* abstention "rests on considerations of 'wise judicial administration' and the general principle against duplicative litigation." *Bates v.*

---

[4] Because the Court finds that abstention pursuant to *Colorado River* is appropriate, it does not reach the merits of Pennymac's assertion that abstention is also appropriate pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

*Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 818).

"A *Colorado River* analysis has two steps.  First, we must determine whether the state and federal proceedings are parallel.  If they are not parallel, the district court should not abstain.  If they are parallel, we weigh the eight *Colorado River* factors to determine whether abstention is merited."  *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019) (internal citations omitted).

In deciding whether Moran's state and federal court proceedings are parallel, the Court "must compare the issues in the federal action to the issues actually raised in the state court action, not those that might have been raised."  *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994).  "Parallelism does not require identical causes of action in the state and federal lawsuits."  *Healthcare Co. Ltd.*, 784 F. App'x at 394.  "It is enough if the two proceedings are substantially similar."  *Romine*, 160 F.3d at 340 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  "[W]here the federal claims were 'predicated on the same allegations as to the same material facts . . . the actions must be considered 'parallel' for the purposes of the *Colorado River* abstention doctrine.'"  *Healthcare Co. Ltd.*, 784 F. App'x at 394 (quoting *Romine*, 160 F.3d at 340).

In *Healthcare Co. Ltd.*, the Sixth Circuit found the "adjudication of [defendant's] conversion claim will require determination of issues dispositive of [plaintiff's] breach of contract claim.  The proceedings in both courts are therefore 'predicated on the same allegations as to the same material facts;' that the two parties pursue separate legal theories is of no consequence."  784 F. App'x at 394 (internal citation omitted).  Both the state foreclosure case and the instant case revolve around Pennymac's servicing of Moran's mortgage, the possession

of Moran's promissory note, and an enforceable contract against Moran.  (Doc. 1 at 21-29.) Moran's state and federal cases are therefore parallel because "the adjudication of Defendants' state law foreclosure claim . . . will require determination of issues dispositive of Plaintiff's federal claims."  *Trivison v. Fed. Nat'l Mortg. Assoc.*, No. 1:20-CV-00711, 2023 U.S. Dist. LEXIS 174258, 2023 WL 6314577, at *5 (N.D. Ohio Sept. 28, 2023).

Having found that parallel actions exist, the second step of the *Colorado River* analysis is for the Court to consider whether judicial economy warrants abstention as embodied in the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained . . . ; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (internal citations omitted).  "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The first factor weighs heavily in favor of abstention because the dispute Moran presents here involves the same property at issue in the pending state foreclosure action.  *See Firestone v. CitiMortgage, Inc.*, No. 5:19-CV-1539, 2020 U.S. Dist. LEXIS 108592, 2020 WL 3433296, at *5 (N.D. Ohio June 22, 2020).

The second factor weighs against abstention because both actions are pending in Cleveland, Ohio.  *See Romine*, 160 F.3d at 341.

The third factor, avoiding piecemeal litigation, strongly favors abstention because "[s]hould both this action and the state action continue to proceed independently, there is a risk of inconsistent results, 'which would throw the ownership of the subject property in turmoil.'" *Firestone*, 2020 WL 3433296, at *5 (quoting *Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 737-38 (S.D. Ohio 2013)); *see also Healthcare Co. Ltd.*, 784 F. App'x at 396 ("If both actions were permitted to go forward, two courts would be adjudicating the same legal issue— the classic piecemeal litigation situation.").

The fourth and seventh factors also weigh in favor of abstention since Moran's state foreclosure case was filed nearly five months prior to Moran filing the instant case.  Moran's state foreclosure action has progressed much further than this action, to include motions to dismiss, a motion for summary judgment, and now a pending hearing on Pennymac's motion for default judgment.  *See PennyMac Loan Services*, No. CV-24-104921 at 10/14/2025.

As to the fifth factor, Moran's state foreclosure case is governed by state foreclosure law. Here, Moran alleges violations of federal law.  The presence of federal claims must be considered, but because those claims are predicated on allegations tied to the pending state foreclosure action, the "significance of this factor is seriously diminished."  *See Romine*, 160 F.3d at 341.

The remaining factors also strongly favor abstention.  The state court action provides an adequate forum to address Moran's claims.  For example, Moran's Complaint alleges Pennymac violated the FDCPA and FCRA.  State courts hold concurrent jurisdiction to adjudicate Moran's FDCPA and FCRA claims.  *See* 15 U.S.C. § 1692k(d); 15 U.S.C. 1681p.  Moran even raised these claims in responsive briefs to Pennymac's motions to dismiss and motion for summary judgment.  *See PennyMac Loan Services*, No. CV-24-104921 at 12/4/2025; 3/17/2025.  While

the state court found those claims were not properly presented, Moran has not asserted he was somehow barred from bringing these claims as counterclaims in the state foreclosure action. Accordingly, the state court has concurrent jurisdiction and is an adequate forum.

A careful balancing of the *Colorado River* factors leads this Court to conclude abstention is appropriate.  While Pennymac also seeks a dismissal on abstention grounds, the Sixth Circuit has held *Colorado River* abstention requires a stay, not a dismissal, of a federal action.  *See Bates*, 122 F. App'x at 809 ("We conclude that a stay is the best way to effectuate *Colorado River* abstention.").  "Where, as here, the state foreclosure action is adjudicating many of the same underlying issues as the federal action . . . 'to hold otherwise would contravene the spirit of the *Colorado River* doctrine.'"  *Firestone*, 2020 WL 3433296, at *6 (quoting *Healthcare Co. Ltd.*, 784 F. App'x at 396).

Accordingly, the Court will abstain pursuant to *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and this matter is STAYED pending final resolution in *PennyMac Loan Services, LLC v. Mark D. Moran, et al.*, Cuyahoga C.P. No. CV-24-104921.  Pennymac's request for dismissal is DENIED as moot.

## III.     CONCLUSION

For the reasons stated above, Judge Richard Bell, Magistrate John Dyke, and Reisenfeld and Associates LLC's Motions to Dismiss (Docs. 6, 10) are GRANTED and all claims DISMISSED with prejudice.

PennyMac Loan Services LLC's motion for relief (Doc. 8) is GRANTED in part and DENIED in part.  This matter is STAYED pending final resolution in *PennyMac Loan Services, LLC v. Mark D. Moran, et al.*, Cuyahoga C.P. No. CV-24-104921.  This case is administratively closed, subject to reopening if Plaintiff timely files a motion to reopen demonstrating that the

above-listed state court matter has reached finality, meaning resolution by settlement agreement or exhaustion of all appeals.  No claims or defenses are waived as a result of this Order.  Any motion to reopen must be filed no later than fourteen (14) days after the state court matter is fully resolved.  Failure to timely move the Court to reopen may result in an order denying the motion and all claims being dismissed with prejudice for failure to prosecute.

All other pending motions are DENIED without prejudice as moot.

**IT IS SO ORDERED.**

**Date:**  January 22, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE